2017 MAR -7 AM 11: 0

Arnold Mathis 57679-018
Name and Prisoner/Booking Number
United States Penitentiary Tucson
Place of Confinement
P.O. Box 24550
Mailing Address
Tucson, AZ 85734
City, State, Zip Code

8:17-cv-554-T-30-TGW

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT

| | |
|---|---|
| Arnold Maurice Mathis, (Full Name of Plaintiff) Plaintiff, | |
| vs. | CASE NO. ______ (To be supplied by the Clerk) |
| (1) Zulaika Zoe Vizcarrondo, (Full Name of Defendant) | |
| (2) Zulaika Zoe Vizcarrondo, | CIVIL RIGHTS COMPLAINT BY A PRISONER |
| (3) James Michael Evans, | |
| (4) ______, Defendant(s). | ☑ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |
| ☐ Check if there are additional Defendants and attach page 1-A listing them | |

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: ______

2. Institution/city where violation occurred: Polk County Sheriff's Office, Winter Haven, Florida

550/555



IFP

## B. DEFENDANTS

1. Name of first Defendant: Zulaika Zoe Vizcarrondo. The first Defendant is employed as: Special Victims Unit Detective (Position and Title) at Polk County Sheriff's Office (Institution).

2. Name of second Defendant: Zulaika Zoe Vizcarrondo. The second Defendant is employed as: Special Victims Unit Detective (Position and Title) at Polk County Sheriff's Office (Institution).

3. Name of third Defendant: James Michael Evans. The third Defendant is employed as: Special Victims Unit Sergeant (Position and Title) at Polk County Sheriff's Office (Institution).

4. Name of fourth Defendant: __________. The fourth Defendant is employed as: __________ (Position and Title) at __________ (Institution).

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☐ Yes ☑ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

a First prior lawsuit:
   1. Parties: __________ v. __________
   2. Court and case number: __________.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __________.

b Second prior lawsuit:
   1. Parties: __________ v. __________
   2. Court and case number: __________.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __________.

c. Third prior lawsuit:
   1. Parties: __________ v. __________
   2. Court and case number: __________.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __________.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: Fourth, Fifth, and Fourteenth Amendment.

2. Count I. Identify the issue involved. Check only one. State additional issues in separate counts.
   - ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
   - ☐ Disciplinary proceedings ☑ Property ☐ Exercise of religion ☐ Retaliation
   - ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On December 19, 2011, approximately 6:19 p.m, Detective Zulaika Zoe Vizcarrondo accessed plaintiff's cell phone and viewed the photo gallery without a search warrant and without any legal justification. This unlawful search came to light after plaintiff's federal trial and direct appeal during pending state proceedings. Plaintiff hired expert Robert Moody to investigate if law enforcement accessed the phone prior to the actual extraction that occurred after the search warrant was executed. Robert Moody was provided extraction reports from state government officials and after experimenting and testing determined from that evidence that plaintiff's phone was accessed and the photo gallery was viewed on December 19, 2011, approximately 6:19 p.m.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Fourth Amendment search and seizure and constitutional right to privacy.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☑ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☑ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☑ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Administrative remedies not applicable.

COUNT II

1. State the constitutional or other federal civil right that was violated: Unlawful arrest Violation of Fourth, Fifth, and Fourteenth Amendment.

2. Count II. Identify the issue involved. Check only one. State additional issues in separate counts.

- [ ] Basic necessities
- [ ] Mail
- [ ] Access to the court
- [ ] Medical care
- [ ] Disciplinary proceedings
- [ ] Property
- [ ] Exercise of religion
- [ ] Retaliation
- [ ] Excessive force by an officer
- [ ] Threat to safety
- [x] Other: Unlawful Arrest.

3. Supporting Facts. State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On or about December 16, 2011, Mr. Jarvis Jiles (Jiles) contacted the Polk County Sheriff's Department concerning alleged sexual battery which occurred in or about 2004-2005. Mr. Jiles was interviewed by Det. Vizcarrondo (Vizcarrondo) and Sgt. Evans (Evans) concerning the allegations on December 16, 2011. Mr. Jiles was a minor at the time of the alleged abuse. Vizcarrondo and Evans had Jiles conduct a controlled call on the same date. The alleged abuse took place approximately seven (7) years earlier. On December 17, 2011, Vizcarrondo and Evans went to Mr. Mathis' home, made contact with him and subsequently made a probable cause arrest based on the alleged abuse of Jiles which occurred seven years earlier. Mr. Mathis was taken to jail and charged with five (5) counts of violating Fla. Statute 794.011.8B (Sexual battery on a 12-18 year old by custodian); and one (1) count of conspiracy in violating 794.011.8B. Mr. Mathis remained in jail until February 7, 2012, on these charges. Fla. Statute 794.011.8B has a statute of limitations of four (4) years. Mr. Mathis was charged with violating Fla. Statute 794.01 (or otherwise sexual battery). Fla. Statute 794.01 has a statute of limitation of four (4) years. The charges pending against Mr. Mathis were dismissed due to expiration of the statute of limitation for Fla. Statute 794.01.

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).

Deprived me of my rights to liberty in violation of Fourth, Fifth, and Fourteenth Amendment, by my remaining in jail between December 17, 2011 - February 7, 2012.

5. Administrative Remedies.

a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☑ No

b. Did you submit a request for administrative relief on Count II? ☐ Yes ☑ No

c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☑ No

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Administrative remedies not applicable.

## COUNT III

1. State the constitutional or other federal civil right that was violated: Unlawful arrest Violation of Fourth, Fifth, and Fourteenth Amendment.

2. Count III. Identify the issue involved. Check only one. State additional issues in separate counts.
   - ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
   - ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
   - ☐ Excessive force by an officer ☐ Threat to safety ☑ Other: Unlawful Arrest.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

On or about December 16, 2011, Mr. Jarvis Jiles (Jiles) contacted the Polk County Sheriff's Department concerning alleged sexual battery which occurred in or about 2004-2005. Mr. Jiles was interviewed by Det. Vizcarrondo (Vizcarrondo) and Sgt. Evans (Evans) concerning the allegations on December 16, 2011. Mr. Jiles was a minor at the time of the alleged abuse. Vizcarrondo and Evans had Jiles conduct a controlled call on the same date. The alleged abuse took place approximately seven (7) years earlier. On December 17, 2011, Vizcarrondo and Evans went to Mr. Mathis' home, made contact with him and subsequently made a probable cause arrest based on the alleged abuse of Jiles which occurred seven years earlier. Mr. Mathis was taken to jail and charged with five (5) counts of violating Fla. Statute 794.011.8B (Sexual battery on a 12-18 year old by custodian); and one (1) count of conspiracy in violating 794.011.8B. Mr. Mathis remained in jail until February 7, 2012, on these charges. Fla. Statute 794.011.8B has a statute of limitations of four (4) years. Mr. Mathis was charged with violating Fla. Statute 794.01 (or otherwise sexual battery). Fla. Statute 794.01 has a statute of limitation of four (4) years. The charges pending against Mr. Mathis.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Deprived me of my rights to liberty in violation of Fourth, Fifth, and Fourteenth Amendment, by my remaining in jail between December 17, 2011 - February 7, 2012.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☑ No
   b. Did you submit a request for administrative relief on Count III? ☐ Yes ☑ No
   c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☑ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Administrative remedies not applicable.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

COUNT III

3. Supporting Facts.

were dismissed due to expiration of the statute of limitation for Fla. Statute 794.01.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Count I - Declaratory relief that Detective Zulaika Zoe Vizcarrondo unlawfully, and without a warrant, violated the Fourth, Fifth, and Fourteenth Amendment, when she searched Mr. Mathis' phone on December 19, 2011.

Punitive damages in the sum determined at trial or otherwise $500,000.00.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 1, 2017
DATE

[signature]
SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

## E. REQUEST FOR RELIEF

·State the relief you are seeking:

Count 2 - Declaratory relief that Detective Zulaika Zoe Vizcarrondo unlawfully arrested Mr. Mathis on December 17, 2011, depriving him of his liberty, in violation of the Fourth, Fifth, and Fourteenth Amendments.

Actual damages of loss of income in the amount of \$4000.00 not including interest.

Punitive damages in the sum to be determined at trial or otherwise \$250,000.00.

Count 3 - Declaratory relief that Sergeant James Michael Evans unlawfully arrested Mr. Mathis on December 17, 2011, depriving him of his liberty, in violation of the Fourth, Fifth, and Fourteenth Amendments.

Actual damages of loss of income in the amount of \$4000.00 not including interest.

Punitive damages in the sum to be determined at trial or otherwise \$250,000.00.